UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:18-CR-133-T-17AEP

MIGUEL LOLO.

_____/

ORDER

This cause is before the Court on:

Dkt. 88   Motion to Dismiss Count 1
Dkt. 89   Motion to Dismiss Count 3
Dkt. 92   Opposition

Defendant Miguel Lolo moves to dismiss Count I for lack of specificity. Defendant Lolo argues that the absence of any description whatsoever of the course of conduct engaged in fails to apprise Defendant of the charge against him such that Defendant Lolo can prepare his defense or protect against double jeopardy, and Count I should be dismissed.

Defendant Lolo moves to dismiss Count 3 for improper venue and multiplicity with Count 1. Defendant Lolo argues that Count 3 of the Second Superseding Indictment does not allege that Defendant traveled from, through, or into the Middle District of Florida.

Defendant Lolo further argues that no fact would be proved in proving Count 3 that would not already be proved by proving Count 1. Defendant Lolo argues that Count 3 fails the *Blockburger* test.

The Government opposes Defendant Lolo's Motions.

Case No. 8:18-CR-133-T-17AEP

I.   Motion to Dismiss Count 1

Defendant Lolo argues that Count I of the Second Superseding Indictment recites a generic statutory term, "course of conduct" that requires pleading with particularity. Defendant Lolo argues that there is a complete absence of description of the course of conduct engaged in.

The Government argues that the language of Count 1 tracks the language of the statute, sets forth the essential elements of the crime, informs Defendant Lolo of the charges against him, and protects Defendant Lolo from future prosecution for the same offense. The Government further argues that the Second Superseding Indictment goes beyond the requirements of Fed. R. Crim. P. 7 by identifying the victim by the initials "K.C." and who was affected by Defendant's October 2017 through February 2018 conduct. The Government argues that, considering the Indictment as a whole, the allegations of Count 1 address Defendant Lolo's concerns.

The Court notes that Defendant Lolo previously raised this issue in Defendant's Motion for Bill of Particulars (Dkt. 24), and in Defendant's objections (Dkt. 45) to the Magistrate Judge's Order denying the Motion for Bill of Particulars (Dkt. 40). The Court has previously rejected this argument. (Dkt. 82, p. 4).

Count I of the Second Superseding Indictment alleges:

> Beginning on... October 11, 2017 and continuing
> through February 27, 2018, in the Middle District
> of Florida and elsewhere, Defendant MIGUEL LOLO,
> with the intent to harass and intimidate another person,

2

Case No. 8:18-CR-133-T-17AEP

> K.C., used an interactive computer service, electronic
> communication service, electronic communication system
> of interstate commerce, and any other facility of interstate
> and foreign commerce to engage in a course of
> conduct that caused and would reasonably be
> expected to cause substantial emotional distress
> to a person, K.C.

In Count I, the Government has alleged that Defendant Lolo engaged in a course of conduct within a specific range of time, used one of the specific facilities to do so, and did so with the intent to cause harm to a specified person.

Count 1 tracks the language of the statute and includes the essential elements of the crime with enough context to inform Defendant Lolo of the charge against him, and protect Defendant Lolo from future prosecution for the same offense. After consideration, the Court denies the Motion to Dismiss Count I.

2. Motion to Dismiss Count 3

Count 3 of the Second Superseding Indictment alleges:

> On or about February 27, 2018, in the Middle District
> of Florida and elsewhere the defendant MIGUEL LOLO,
> with the intent to harass and intimidate another person,
> that is, K.C., traveled in interstate commerce, and, in the
> course of and as a result of such travel, engaged in conduct
> that caused and would reasonably be expected to cause
> substantial emotional distress to a person, that is, K.C., by
> sending K.C. an e-mail confirming earlier communications
> that LOLO was leaving San Juan, Puerto Rico to carry out
> his plans to locate K.C. in or around K.C.'s hometown and

Case No. 8:18-CR-133-T-17AEP

    to be with K.C., and by boarding a plane and departing
    San Juan, Puerto Rico on a flight to an airport in or
    around K.C.'s hometown.

A.    Venue

Defendant Lolo argues that Count 3 does not properly allege that venue lies in the Middle District of Florida. Defendant Lolo contends that Count 3 of the Second Superseding Indictment should be dismissed because it does not allege that Defendant Lolo traveled from, through, or into the Middle District of Florida.

The Government responds that venue is properly pleaded in Count 3 and the Second Superseding Indictment is sufficient on its face. "An indictment need not specify the exact location of the offense, but rather must be sufficiently specific to allege that the crime was committed within the jurisdiction of the court." *United States v. Williams*, 2010 WL 3488131, at *4 (N.D. Ga. Aug. 2, 2010). When venue is properly pleaded, it becomes a trial issue. *United States v. Snipes*, 611 F.3d 855, 865-66 (11th Cir. 2010) ("A jury must decide whether venue was proper...In this case, the grand jury returned a facially sufficient indictment, with a clear statement of venue."). The Government argues that there is no summary judgment procedure to test the facially-sufficient allegations of a criminal indictment. *See United States v. Salman*, 3788 F.3d 1266, 1268 (11th Cir. 2004)("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. The sufficiency of a criminal indictment is determined by its face.").

The Government argues that Count 3 alleges that Defendant Lolo committed the offense "within the Middle District of Florida and elsewhere" and that is all that is required to establish that the indictment is properly pleaded.

4

Case No. 8:18-CR-133-T-17AEP

Defendant Lolo asserts that Defendant Lolo has raised a question of law that can be determined without a trial on the merits. Defendant Lolo argues that Government's theory of venue is that Defendant Lolo sent an email to "KC" and took a flight from San Juan to KC.'s hometown.

Defendant Lolo argues that venue is proper in any district in which the crime was committed, pursuant to Fed. R. Crim. P. 18. Defendant Lolo further argues that 18 U.S.C. Sec. 3237(a), par. 2, applies:

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from , through or into which such commerce, mail matter, or imported object or person moves.

Defendant Lolo argues that the statute under which Defendant Lolo is charged in Count 3 prohibits travel in interstate or foreign commerce, and under Section 3237(a), when the offense "involv[es]...transportation in interstate or foreign commerce," venue is only appropriate "in any district from, through, or into which such commerce....moves."

The Court notes that 18 U.S.C. Sec. 3237(a), Offenses begun in one district and completed in another, provides:

> (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

When a federal statute defining an offense does not specify how to determine the location of where the crime was committed, the site of the charged offense "must be determined from the nature of the crime alleged and the location of the act or acts constituting it.' *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998). To do so, the Court must "initially identify the conduct constituting the offense," and then "discern the location of the commission of the criminal acts. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Where "the acts constituting the crime and the nature of the crime charged implicate more than one location, venue is proper in any of the districts where an essential conduct element of the crime took place. *Id.* at 281.

18 U.S.C. Sec. 2261A(1) requires proof that a defendant traveled in interstate or foreign commerce, that the defendant engaged in conduct in the course of, and as a result of, such travel, and that the conduct caused and would reasonably be expected to cause substantial emotional distress to a person. In this case, Defendant Lolo's travel originated in San Juan and terminated outside the Middle District of Florida. However, Defendant Lolo sent the email in the course of and as a result of Defendant Lolo's travel to K.C. in the Middle District of Florida, where it caused K.C. substantial emotional distress.

After consideration, the Court finds that the charged offense is a continuing offense involving criminal activity in more than one district, including the Middle

Case No. 8:18-CR-133-T-17AEP

District of Florida, and therefore venue is proper in the Middle District of Florida. At trial, Defendant Lolo will have the opportunity to pursue any objection to venue. After consideration, the Court denies the Motion to Dismiss as to this issue.

B.  Multiplicity

Defendant Lolo argues that Count 3 is multiplicitous with Count 1.

An indictment is multiplicitous if it charges a single criminal offense in more than one count. In *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932), the Supreme Court held that "where the same act or transaction constitutes a violation of *two distinct statutory provisions*, the test to be applied to determine whether there are two offense or only one, is whether each provision requires proof of a fact which the other does not." (emphasis added). If each offense requires proof of a fact that the other does not, the *Blockburger* test if satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. *Albernaz v. United States*, 450 U.S. 333, 337 (1981).

In applying the *Blockburger* test, the Court examines only the elements of the offenses themselves. If an offense requires proof of an element that the other offense does not, the Court looks no further in determining that the prosecution of both offenses does not offend the Fifth Amendment. The Court "need not examine the facts alleged in the indictment to support the courts nor the 'practical significance' of the theories alleged in each count. *United States v. Hassoun*, 476 F.3d 1181, 1186 (11th Cir. 2007).

Count 1 is brought under 18 U.S.C. Sec. 2261A (2)(B) and Count 3 is brought under 18 U.S.C. Sec. 2261A(1)(B).

Case No. 8:18-CR-133-T-17AEP

In order to prove a defendant guilty of course-of-conduct stalking, as charged in Count 1, in violation of U.S.C. Sec. 2261A(2), the Government must establish that:

1. Defendant used an interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate and foreign commerce, to engage in a course of conduct;

2. Defendant engaged in the course of conduct with the intent to harass or intimidate another person; and

3. Defendant's course of conduct caused or would reasonably be expected to cause substantial emotional distress to the person.

In order to prove a defendant guilty of interstate stalking, as charged in Count 3, in violation of 18 U.S.C. Sec. 2261A(1), the Government must establish that:

1. Defendant traveled in interstate or foreign commerce with the intent to harass or intimidate another person;

2. In the course of, or as a result of, such travel Defendant engaged in conduct;

3. Defendant's conduct caused or would be reasonably expected to cause substantial emotional distress to the person.

The conduct alleged in Count 1 does not require a defendant to travel in interstate or foreign commerce; the conduct alleged in Count 3 does require travel in interstate or foreign commerce. The conduct charged in Count 1 requires proof of a "course of conduct," statutorily defined as "a pattern of conduct composed of two or more acts evidencing a continuity

8

Case No. 8:18-CR-133-T-17AEP

of purpose"; the conduct charged in Count 3 does not require proof of a "course of conduct."

Defendant Lolo argues that the "where two counts are charged under the same statutory provision," the Court may be required to examine the charged offenses "in substance as well as form." *United States v. Ibarguen-Mosquera*, 634 F.3d 1379, 1383 (11th Cir. 2011). Defendant Lolo argues that because Counts 1 and 3 "arise under the same statute", the Court must do more than look at the elements of the charged offenses.

The Government responds that for the *Ibarguen-Mosquera* exception to apply, the issue is whether Counts 1 and 3 "are charged under the same *statutory provision.*" *Ibarguen-Mosquera*, 634 F.3d at 1383 (emphasis added). The Government argues that since Count 1 is charged under 18 U.S.C. Sec. 2261A(2), and Count 3 is charged under 18 U.S.C. Sec. 2261A(1), the *Ibarguen-Mosquera* exception does not apply, and the Court should examine only the elements of each offense charged.

After consideration, the Court finds that the *Ibarguen-Mosquera* exception does not apply, and Counts 1 and 3 survive the *Blockburger* test. The Court therefore denies the Motion to Dismiss as to this issue. Accordingly, it is

**ORDERED** that Defendant Miguel Lolo's Motion to Dismiss Count 1 and Motion to Dismiss Count 3 (Dkts. 88, 89) are **denied**.

Case No. 8:18-CR-133-T-17AEP

**DONE and ORDERED** in Chambers in Tampa, Florida on this /8th day of December, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record